UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICKY NUNEZ, ) | CASE NO. 4:05 CV 2247 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| T.R. SNIEZEK, WARDEN, et al., ) | |
| ) | |
| Respondents. ) | |

On September 23, 2005, pro se petitioner Ricky Nunez filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against T.R. Sniezek, Warden at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton), D. Scott Dodrill, Bureaus of Prisons (BOP) Regional Director, Harrell Watts, BOP Administrator-National Inmate Appeals, and Harley Lappan, Director of BOP. Mr. Nunez is seeking an order from this court vacating a judgment entered by a Disciplinary Hearing Officer (DHO) at F.C.I. Elkton on April 20, 2005.

*Background*

An anonymous note was placed under Officer T. Smith's door at approximately 12:45 a.m. on April 11, 2005. The note disclosed that inmate Miguel Mondragon had a weapon under his

cell locker. A subsequent search under Mr. Mondragon's locker revealed a sharpened rod, six inches in length. The inmate was placed in the Special Housing Unit. Mr. Nunez, who was Mr. Mondragon's cell mate, followed him shortly thereafter. An Incident Report, dated April 11, 2005, was delivered to petitioner at approximately 6:10 a.m. on that date

Three days after providing the Incident Report, the Unit Disciplinary Committee (UDC) conducted a hearing regarding the weapon incident. During the hearing Mr. Nunez explained that the weapon was not his and that he believed someone else placed it under Mr. Mondragon's locker. The UDC recommended a maximum loss of Good Credit Time (GCT) and maximum Disciplinary Segregation time. The UDC then referred the charge to the DHO for further hearing due to the seriousness of the offense and because the recommended sanctions were not available at the UDC level.

A DHO hearing was held on April 20, 2005. Although Mr. Nunez states that the "[r]equested staff representative declined or could not appear," the DHO report indicates "[i]nmate waived right to staff representative." (DHO Rpt. at 1, ¶ II., A.) Moreover, Mr. Nunez did not request any witnesses to testify on his behalf. At the hearing he denied the charges, stating that the weapon did not belong to him or to Mr. Mondragon. DHO S. Biafore found that the act was committed as charged. The evidence he relied on to support his findings included the report from Officer Smith who received the anonymous note regarding a concealed weapon under inmate Mondragon's locker, a photograph of the weapon, the fact that no substantial evidence was provided by petitioner to indicate the weapon was not his, and the fact that "inmates are responsibility [sic] for insuring their areas are free of contraband and weapons daily and held responsibility [sic] for anything discovered within their living areas." (DHO Rpt. at 2, ¶ V.)

The report further advised Mr. Nunez of his right to appeal within 20 calendar days of the date of the April 30, 2005 decision.

On May 13, 2005, he filed an appeal with the BOP's Regional Director D. Scott Dodrill. In response, Mr. Dodrill found that the decision of the DHO was based upon the greater weight of the evidence and that the sanctions imposed by the prison were consistent with the severity level of the prohibited act. With regard to Mr. Nunez's claim that he is being punished for the actions of his cell mate, Mr. Dodrill determined that the claim was without merit. He advised:

> Upon your arrival at the institution you were advised of inmate rights and responsibilities. Program Statement 5270.07, Discipline and Special Housing Units, Inmate Rights and Responsibilities, states it is your responsibility to keep your area free of contraband. The area where the weapon was found is considered a common area, a place to which both you and your cell mate have equal access. As such, it is your responsibility to keep the area underneath the locker and all areas of equal access free of contraband.

(Pet.'s Ex. E a 1.) The Regional Director further determined that the sanctions imposed were not disproportionate to the misconduct.

Petitioner subsequently appealed to the Administrator for National Inmate Appeals, Harrell Watts, on June 26, 2005. Mr. Watts denied the appeal on September 2, 2005. In his decision, Mr. Watts also noted that because the contraband at issue in the incident report was found in an area assigned to the petitioner, he could be held responsible. The petition before this court followed Mr. Nunez's administrative requests for relief through the BOP.

In his "Motion to Vacate, Set Aside or Correct Judgment pursuant to 28 U.S.C. §2241," petitioner requests that the disciplinary sanction not be imposed and to have the incident report expunged from his record. Mr. Nunez claims that the loss of 40 good credit days reflects a

liberty interest to which he believes he is entitled. He protests the fact that the respondents' actions have effectively lengthened his sentence to December 21, 2005.

*Federal Habeas Relief*
*28 U.S.C. § 2241*

It is clear petitioner is seeking to challenge the manner in which his current sentence is being executed. The Sixth Circuit has consistently held that claims asserted by federal prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Thus, petitioner has properly asserted his claims under §2241.

Turning now to the merits of Mr. Nunez's petition before this court, he contends that he is innocent of the charges leveled against him in the incident report. Moreover, although he understands that the discipline of prisoners is within the discretion of the BOP, he feels that in his case there is "no persuasive justification for this result." (Pet. at 7.) He claims that the "greater weight of evidence tilted the scales in favor of the petitioner with the submission of the affidavit by inmate Mondragon." (Pet.at7.) This affidavit, signed by Miguel Mondragon and dated June 30, 2005, sets forth Mr. Mondragon's full acceptance of responsibility for the sharp object found underneath his locker. While Mr. Nunez admits that the DHO did not have this affidavit at the time of the hearing, he notes that the Central Office was aware of this document but allegedly refused to acknowledge the information.

Insofar as Mr. Nunez is contending that he should not have been charged with or sanctioned for possession of a weapon, because he is not responsible for his entire cell area, he has

no claim. His contention merely amounts to a claim that the DHO's decision was not supported by the evidence. A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether some evidence supports the decision. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445- 55 (1985). The court is not permitted to re-weigh the evidence presented to the board. Id. at 455. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, id. at 456, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." Id. at 457.

Although Mr. Nunez asserts that his due process rights were violated, the requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S.103, 106 (1927). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. The revocation of good time credits is not comparable to a criminal conviction, Wolff v. McDonnell, 418 U.S. 539, 556(1974), and neither the amount of evidence necessary to support such a conviction, see Jackson v. Virginia, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. Superintendent, v. Hill, 472 U.S. at 456.

In this case, the record reveals an evidentiary basis for the DHO's decision. First, the incident report indicates that an anonymous note was left with a prison official alerting him to the fact that a weapon was under the locker of Mr. Nunez's cell mate. Second, the weapon was actually found in the location alleged and photographed. Third, the weapon was located in an area accessible to petitioner and no witnesses were called during the hearing who refuted those facts. Fourth, at the

hearing before the DHO, Mr. Nunez's statement of innocence was considered but he provided no substantial evidence that the weapon was not his.

Ascertaining whether the "some evidence" standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See Wolff, 418 U.S. at 556; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (8th Cir. 1974). The DHO weighed the evidence and found that "the act was committed as charged." Even if Mr. Nunez does not agree with these findings, there is some evidence that the weapon was in his possession. Because the DHO's decision is supported by "some evidence" in the record, Mr. Nunez's substantive due process rights were not violated.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 12/16/05